UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK HORTON,                                    )
                                                )
        Plaintiff(s),                           )
                                                )
    v.                                          )          No. 4:17-CV-02324-JCH
                                                )
MIDWEST GERIATRIC MANAGEMENT,   )
LLC,                                            )
                                                )
        Defendant(s).                           )

## CASE MANAGEMENT ORDER - TRACK 2: STANDARD

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the

Differentiated Case Management Program of the United States District Court of the Eastern

District of Missouri, and the Rule 16 Conference held on  **October 31, 2017**.

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will

be modified only upon a showing of exceptional circumstances:

### I.      SCHEDULING PLAN

1.      This case has been assigned to Track 2 (Standard).

2.      All motions for joinder of additional parties or amendment of pleadings shall be
filed no later than **January 1, 2018**.

3.      Disclosure shall proceed in the following manner:

        (a)     The parties shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ.
P., no later than **November 9, 2017**.

        (b)     Plaintiff shall disclose all expert witnesses and shall provide the reports
required by Rule 26(a)(2), Fed.R.Civ.P., no later than **March 1, 2018**, and shall make expert
witnesses available for depositions, and have depositions completed, no later than **April 2, 2018**
.

        (c)     Defendant shall disclose all expert witnesses and shall provide the reports
required by Rule 26(a)(2), Fed. R. Civ. P., no later than **May 1, 2018**, and shall make expert
witnesses available for depositions, and have depositions completed, no later than **June 1, 2018**
.

(d)     The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

(e)     Requests for physical or mental examinations of parties pursuant to Rule 35, Fed. R. Civ. P. are not anticipated.

(f)     The parties shall complete all discovery in this case no later than **June 28, 2018**.

(g)     Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4.     This case shall be referred to alternative dispute resolution on **March 1, 2018**, and that reference shall terminate on **May 1, 2018**.

5.      Any motions to dismiss, for summary judgment, or, if applicable, any motion to exclude testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) or Kuhmo Tire Co. Ltd v. Carmichael, 526 U.S. 137 (1999), motions for judgment on the pleadings must be filed no later than **August 1, 2018**. Any response shall be filed no later than **August 31, 2018**.  Any reply shall be filed no later than **September 10, 2018**.  In the event dispositive motions are filed prior to the above specified date, the opposing party shall file a response thirty days after the filing of the dispositive motion.  A reply may be filed ten (10) days after the filing of the response. Briefing of such motions shall be governed by E. D. Mo. L. R. 4.01.

## II.     ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **November 5, 2018**, at **09:00 AM**.  **This is a four-week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours notice.  Parties should be prepared to select a jury prior to the trial date if called upon to do so by the Court.**

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1.     **Stipulation**: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2.     **Witnesses**:

(a)     Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses,

identifying those witnesses who will be called to testify and those who may be called.

      (b)    Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

    3.    **Exhibits**:

      (a)    Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

      (b)    Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11)or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

      (c)    Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

    4.    **Depositions, Interrogatory Answers, and Request for Admissions**:

      (a)    Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

      (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

    5.    **Instructions**: Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.).

    6.    **Trial Brief**: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7.      **Motions In Limine**:  File all motions in limine to exclude evidence, and submit a
courtesy copy directly to the Court's chambers, at least ten (10) days before trial.

Failure to comply with any part of this order may result in the imposition of sanctions.

Dated this 31st day of October, 2017.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

-4-