# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARK HORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:17-CV-2324-JCH |
| v. ) | |
| ) | |
| MIDWEST GERIATRIC MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

## JOINT PROPOSED SCHEDULING PLAN

COME NOW Plaintiff Mark Horton ("Plaintiff") and Defendant Midwest Geriatric Management, LLC ("Defendant") (collectively, the "Parties"), by and through respective undersigned counsel, and hereby notify the Court that counsel for the Parties conferred on July 27, 2020, pursuant to Fed. R. Civ. P. 26(f), and file the following Joint Proposed Scheduling Plan in accordance with the Court's Order Setting Rule 16 Conference (Doc. #: 3):

(a)     **Track Assignment:** Track 2 (Standard) is appropriate, **with modification to the discovery and dispositive motion deadlines due to COVID-19**.

(b)     **Joinder of Additional Parties or Amendment of Pleadings:** Plaintiff has indicated that he will file an Amended Complaint on or before September 2, 2020. The Parties have agreed that Defendant's answer or other response to Plaintiff's Amended Complaint shall be filed within thirty (30) days of the filing of Plaintiff's Amended Complaint.

**(c)     Discovery Plan**

(i)     **Disclosure of Electronically Stored Information**: The Parties agree that information stored in electronic form will be furnished in paper or PDF format, unless another format is otherwise agreed upon.

(ii)     **Privilege Assertions and Protective Order:** The Parties agree that to the extent either Party wishes to assert privilege in response to a discovery request, that Party shall set forth the privilege assertion expressly in the Party's relevant written discovery response and provide a privilege log in sufficient detail to permit the opposing Party to assess the legitimacy of the assertion(s).  The Parties agree to follow the mandate of Rule 26(c) regarding the entry of a protective order.  Prior to seeking any Court action, the Parties agree to confer in good faith to resolve any disputes regarding a request for protective order and to attempt entry of a protective order by the consent of both Parties.

(iii)     **Initial Disclosures**:   The parties will provide voluntary disclosures pursuant to Rule 26(a)(1) on or before September 1, 2020.

(iv)     **Phased Discovery**:  The parties do not believe that discovery should be conducted in phases or limited to certain issues.

(v)     **Expert Witness Disclosure and Depositions**:   Plaintiff's expert witnesses' identities and reports shall be disclosed prior to January 15, 2021, and Plaintiff shall make expert witnesses available for depositions, and have depositions completed, no later than February 15, 2021.  Defendant's expert witnesses' identities and reports shall be disclosed prior to March 15, 2021, and Defendant shall make expert witnesses available for depositions, and have depositions completed, no later than April 15, 2021.

(vi)     **Limits on Depositions and Interrogatories**:  The presumptive limits of ten (10) depositions as set forth in Rule 30(a)(2)(A) and twenty-five (25) interrogatories as set forth in Rule 33(A) shall apply.

(vii) **Physical or Mental Examinations**: Any request for a physical or mental examination of Plaintiff shall be made on or before March 1, 2021, and any such examination shall be completed on or before April 30, 2021.

(viii) **Discovery Deadline**: All pretrial discovery authorized by the Federal Rules of Civil Procedure will be completed on or before April 30, 2021.

(ix) **Other Pertinent Matters to Discovery**: There are no other matters pertinent to the completion of discovery in this case.

(d) **Mediation**: This case shall be referred to alternative dispute resolution on or before December 1, 2020, and this reference shall terminate on February 1, 2021.

(e) **Dispositive Motions and Motions to Exclude Testimony**: Any dispositive motions or motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) or *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), will be filed by May 31, 2021.

(f) **Trial Date**: The parties to this action believe the date by which this case should reasonably be ready for trial is October 1, 2021.

(g) **Estimated Length of Trial**: The parties estimate the length of time expected to try the case to verdict will be five (5) days.

(h) **Other Matters for Inclusion in Joint Proposed Scheduling Plan**: There are no other matters which counsel deem appropriate for inclusion in the Joint Scheduling Plan.

DATED:  August 3, 2020

        /s/ Mark S. Schuver (w/consent)
        Mark S. Schuver, 34713MO
        MATHIS, MARIFIAN & RICHTER, LTD.
        23 Public Square, Suite 300
        Belleville, Illinois 62220
        Telephone: (618) 234-9800
        Facsimile: (618) 234-9786
        E-mail: mschuver@mmrltd.com
        Attorneys for Plaintiff, Mark Horton


        /s/ Philip J. Mackey
        Philip J. Mackey, 48630MO
        LEWIS RICE LLC
        600 Washington Ave., Suite 2500
        St. Louis, MO 63101-1311
        Telephone: (314) 444-1343
        Facsimile: (314) 612-1343
        E-mail:  pmackey@lewisrice.com
        Attorneys for Defendant Midwest Geriatric
        Management, LLC