## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARK HORTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:17-CV-2324 |
| MIDWEST GERIATRIC MANAGEMENT, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT MIDWEST GERIATRIC MANAGEMENT, LLC'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendant Midwest Geriatric Management, LLC, ("MGM" or "Defendant"), by and through its counsel, and for its Answer and Affirmative and Additional Defenses to the First Amended Complaint (the "Complaint") of Plaintiff Mark Horton ("Plaintiff"), states as follows:

### "NATURE OF THE ACTION"

1. The allegations contained in the unnumbered paragraph of the "Nature of the Action" section of the Complaint are summary arguments to which no response is required. To the extent a response to such allegations could be deemed required, MGM denies the allegations. Answering further, MGM specifically denies that it discriminated against Plaintiff.

### "JURISDICTION AND VENUE"

2. MGM admits that Plaintiff purports to assert a claim under Title VII of the Civil Rights Act of 1964. Except as admitted herein, MGM denies the allegations contained in paragraph 1.

2394009

3. MGM admits that venue is proper in this Court and that the Court has personal jurisdiction in this matter. Except as admitted herein, MGM denies the allegations contained in paragraph 2.

4. The allegations contained in paragraph 3 are legal conclusions to which no response is required. To the extent a response to such allegations could be deemed required, MGM denies that it discriminated against Plaintiff. MGM further denies that Plaintiff filed a Charge of Discrimination "based on racial discrimination." To the extent any allegations remain, MGM denies the allegations contained in paragraph 3.

5. Upon information and belief, MGM admits that the EEOC issued Plaintiff a right to sue letter. To the extent any allegations remain, MGM denies the allegations contained in paragraph 4.

"PARTIES"

6. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies the same. MGM denies that it discriminated against Plaintiff. To the extent any allegations remain, MGM denies the allegations contained in paragraph 5.

7. MGM admits that it is a limited liability company doing business in the State of Missouri. MGM further admits that it has at least 15 employees. To the extent any allegations remain, MGM denies the allegations contained in paragraph 6.

8. The allegations contained in paragraph 7 are legal conclusions to which no response is required. To the extent a response to such allegations could be deemed required, MGM admits that it engages in an industry affecting commerce and is an "employer." To the extent any allegations remain, MGM denies the allegations contained in paragraph 7.

## "GENERAL ALLEGATIONS"

9. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies the same.

10. Upon information and belief, MGM admits that Plaintiff was previously employed as Vice President of Sales & Marketing with Celtic Healthcare. To the extent any allegations remain, MGM denies the allegations contained in paragraph 9.

11. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies the same.

12. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies the same.

13. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies the same.

14. MGM admits that Plaintiff applied for a job with MGM and underwent interviews in connection with that application. As to the remaining allegations in paragraph 13, MGM is without information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore denies the same.

15. MGM admits that it sent Plaintiff a written, contingent job offer on April 22, 2016. To the extent any allegations remain, MGM denies the allegations contained in paragraph 14.

16. The job offer speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 15.

17. MGM admits that HireRight was retained to perform a background check on Plaintiff. To the extent any allegations remain, MGM denies the allegations contained in paragraph 16.

18. MGM admits that HireRight was unable to verify Plaintiff's education. To the extent any allegations remain, MGM is without information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore denies the same.

19. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies the same.

20. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

21. MGM admits that Plaintiff advised that it could take four to six weeks for him to obtain information in connection with the background check. To the extent any allegations remain, MGM denies the allegations contained in paragraph 20.

22. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

23. The job offer speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 22.

24. The May 4, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 23.

25. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies the same.

26. The May 10, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 25.

27. The May 10, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 26.

28. The May 12, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 27.

29. The correspondence between Faye Bienstock and Plaintiff speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 28.

30. The May 13, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 29.

31. The May 13, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 30.

32. MGM denies the allegations contained in paragraph 31.

33. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies the same.

34. The May 17, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith.  To the extent any allegations remain, MGM denies the allegations contained in paragraph 33.

35. MGM denies the allegations in paragraph 34.

36. MGM denies the allegations in paragraph 35.

37. The May 20, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith.  MGM denies the remaining allegations contained in paragraph 36.

38. The May 20, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith.  MGM denies the remaining allegations contained in paragraph 37.

39. The May 13, 2016 and May 20, 2016 emails speak for themselves, and MGM denies any allegations inconsistent therewith.  To the extent any allegations remain, MGM denies the allegations contained in paragraph 38.

40. The May 22, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith.  To the extent any allegations remain, MGM denies the allegations contained in paragraph 39.

41. The May 22, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith.  To the extent any allegations remain, MGM denies the allegations contained in paragraph 40.

42. MGM is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies the same.

43. The June 21, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith.  To the extent any allegations remain, MGM denies the allegations contained in paragraph 42.

44. The June 23, 2016 email speaks for itself, and MGM denies any allegations inconsistent therewith. To the extent any allegations remain, MGM denies the allegations contained in paragraph 43.

## "COUNT I"

45. MGM incorporates the preceding paragraphs as if fully set forth herein.

46. MGM denies the allegations contained in paragraph 45.

47. MGM denies the allegations in paragraph 46, including each of its subparts.

48. The allegations in paragraph 47 are legal statements (quotations from case law) to which no response is required. To the extent a response could be deemed required, the case law speaks for itself and MGM denies any allegations inconsistent therewith. MGM further denies that it discriminated against Plaintiff. To the extent any allegations remain, MGM denies the allegations contained in paragraph 47.

49. MGM denies the allegations in paragraph 48.

50. MGM denies the allegations in paragraph 49.

51. MGM denies the allegations in paragraph 50.

52. MGM admits that neither sex nor compliance with any perceived sexual stereotypes is an occupational qualification for the position of Vice President of Sales and Marketing. To the extent any allegations remain, MGM denies the allegations contained in paragraph 51.

53. MGM denies the allegations in paragraph 52.

54. MGM denies the allegations in paragraph 53.

55. MGM denies the allegations in paragraph 54.

56. MGM denies the allegations in paragraph 55.

57. MGM denies the allegations in paragraph 56.

58. MGM denies the allegations in paragraph 57.

59. MGM denies the allegations in paragraph 58.

60. MGM denies the allegations in paragraph 59.

61. MGM denies the allegations in paragraph 60.

62. MGM denies the allegations contained in the "Wherefore" paragraph, including all subparts. MGM denies that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

While continuing to deny the material allegations set forth in Plaintiff's Complaint, MGM asserts the following affirmative and additional defenses and, without assuming the burden of proof with regard to these defenses, states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims fail because, among other reasons, all of the actions taken by MGM with respect to Plaintiff were justified by legitimate, non-discriminatory, business reasons.

3. Even if MGM were to be found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which it did not and expressly denies, no impermissible factor caused such decisions or actions and MGM would have taken the same action with regard to Plaintiff's prospective employment.

4. Plaintiff's claims fail, in whole or in part, because he has failed to mitigate his damages.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

6. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

7. Due to Plaintiff's own wrongful or inequitable conduct, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or *in pari delicto*.

8. Plaintiff's own actions contributed to any damages he claims to have suffered.

9. Plaintiff's claims are barred to the extent they fail to meet all prerequisites for bringing suit, including, but not limited to, Plaintiff's failure to file a timely Charge of Discrimination, his failure to include the foregoing allegations in his Charge or Discrimination, his failure to attempt to conciliate or to conciliate in good faith, and/or his failure to file his Complaint within 90 days of receiving his Right to Sue Letter.

10. Any claim for punitive damages alleged by Plaintiff is barred by Amendments V, VI, VII, IX, and XIV of the United States Constitution, and, as applicable, any corresponding provisions of the Missouri Constitution, in that, *inter alia*, punitive damages are penal in nature and amount to a criminal fine, they constitute an unlawful taking, they violate due process, and the guidelines, standards, and/or instructions for imposition of any such damages are vague, indefinite, and without proper limits.  Further, any claim for punitive damages alleged by Plaintiff also fails as a matter of law because Plaintiff cannot establish that MGM knowingly violated his civil rights.

11. MGM states that it has not engaged in unlawful intentional discrimination with respect to Plaintiff, and MGM, therefore, cannot be liable for punitive damages.  MGM states that at all material times it acted in good faith towards Plaintiff and its actions were not malicious, in bad faith, or in willful or reckless indifference or disregard to any legal rights of Plaintiff.

MGM reserves the right to assert any additional defenses that become known during the course of discovery.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant prays that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, award Defendant

its attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: September 28, 2020

Respectfully submitted,

**LEWIS RICE, LLC**

/s/ Philip J. Mackey
Philip J. Mackey, #48630MO
Michael L. Jente, #62980MO
600 Washington Ave., Suite 2500
St. Louis, MO 63101-1311
Telephone: (314) 444-1343
Facsimile: (314) 612-1343
E-mail:  pmackey@lewisrice.com
              mjente@lewisrice.com

*Attorneys for Defendant Midwest Geriatric Management, LLC*

10