UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-2324 |
| | ) |
| MIDWEST GERIATRIC | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Mark Horton ("Plaintiff") and Defendant Midwest Geriatric Management, LLC ("Defendant") (Plaintiff and Defendant individually, a "Party" or together, the "Parties") hereby stipulate to, and the Court hereby **ORDERS** the following:

1. The Parties acknowledge that discovery in this litigation may require the disclosure of documents and other materials that are personally, commercially, and/or financially sensitive, contain private medical, financial, and employment information, and/or are otherwise confidential in nature (hereinafter referred to as "Confidential Information"). All Confidential Information shall be used solely for the purpose of this litigation and for no other purpose. In no event shall any person receiving Confidential Information use it for commercial or competitive purposes, make any public disclosure of the contents thereof except as provided for in this order, or use it in conjunction with any other litigation. The Parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

2. "Confidential Information" consists of documents and information which are otherwise not publicly available and include, but are not limited to, the following types of documents and/or information:

    a. Documents containing Plaintiff's medical, financial, and employment information, including social security number and personnel file;

    b. Documents containing Defendant's private, confidential, and/or proprietary information with regards to policies, procedures, and practices including, but not limited to, employment applications, employee handbooks, benefit guides, training and instruction materials, job descriptions, and/or investigation notes;

    c. Documents containing Defendant's trade secrets, financial and commercial information, and/or other competitive information not otherwise publicly available;

    d. Documents that contain personal and highly confidential information about prospective, past, or present employees of Defendant, including social security numbers, financial and employment information, and personnel files; and

    e. Documents that contain information, including third-party information, that is confidential.

3. A Party or a third-party may designate any document, deposition testimony, transcript, exhibit, response to interrogatories, response to requests for admission, and other written, recorded, or graphic information and materials that it, in good faith, contends constitutes or contains Confidential Information. In designating Confidential Information, the designating Party or third-party shall mark the item by imprinting the word(s) "CONFIDENTIAL" on the document.

4. With respect to testimony elicited during depositions, whenever counsel for a Party or a third-party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice to all other counsel that such information is being designated as "Confidential" as soon as reasonably practical after receiving a copy of the transcript of the deposition. A Party or third-party seeking to designate a portion of a deposition transcript as "Confidential" must designate by page and line numbers within the deposition transcript and may not designate an entire deposition transcript as "Confidential."

5. The Party receiving any Confidential Information designated as "Confidential" shall not, directly or indirectly, disclose such Confidential Information to any persons other than:

    a. The Court and its personnel;

    b. Counsel of record and their office associates, legal assistants, and stenographic and clerical employees;

    c. Persons shown on the face of the document to have authored or received it;

    d. Court reporters retained to transcribe testimony;

    e. Any Party, including Defendant's members, officers and managerial employees;

    f. Any employee, former employee, agent or independent contractor of any Party, or prospective witness who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual may be made only to the extent necessary for the employee, former employee, agent or independent contractor, or prospective witness to provide such assistance;

    g.    Experts and consultants consulted or retained by any Party or counsel of record for any Party to assist in the prosecution or defense of this litigation; and

    h.    On a need-to-know basis to witnesses, jurors, court personnel and others present in a courtroom to whom disclosure is necessary in connection with the preparation for, hearings and trial of this action, and any witnesses during depositions taken in the case as may from time to time reasonably be necessary in prosecution or defense of this action.

6.    Any Party that seeks to disclose Confidential Information permitted under this Order to a person listed in paragraphs 5(f) or 5(g) above, or to any potential witness who is not included in paragraphs 5(a)-(g) above, shall, prior to such disclosure, advise the person of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A.  All such undertakings shall be retained by counsel for the Party who discloses Confidential Information in this way.  Further, the Party providing the witness with Confidential Information must take reasonably prudent steps to retrieve or to determine that the witness has not retained a copy of such information.

7.    The non-producing Party may request a change in the designation of any document or other materials designated as "Confidential" by giving written notice to the producing Party or third-party making the designation.  The Parties and/or third-parties shall attempt to resolve in good faith the dispute by meeting and conferring.  In the event that the dispute is not resolved, either Party and/or the third-party shall move the Court for a determination as to whether the designation is appropriate.  The Party or third-party asserting that the document or information is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).  The disputed documents or other materials shall

be treated as so designated pending a ruling from the Court.  However, if the producing Party or third-party chooses not to raise the issue with the Court, the document or information in question will lose the proposed designation.

8. Any Party or third-party may consent to have any documents or other materials that it previously designated as "Confidential" removed from the scope of this Order by so notifying counsel for the other Parties in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Order shall prevent any Party or third-party from disclosing its own Confidential Information as it deems appropriate in accordance with the terms of this Order.

9. No action taken in accordance with the Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

10. If a Party intends to file a document containing confidential information with the Court, this Order grants leave to make such filing under seal in compliance with Local Rule 13.05(A) and/or the Electronic Case Filing/Case Management procedures manual. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the Parties may seek further protections against public disclosure from the Court.

11. The provisions of this Order shall not terminate at the conclusion of this litigation. Within 60 days of the conclusion of this litigation, including any appeals, each Party shall either destroy all documents designated by the opposing Party as "Confidential" or confirm with the producing Party that the material will be confidentially stored as part of the client file as required by Mo. Rule. 4-1.22.  Notwithstanding anything herein, counsel for the Parties shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of documents designated as "Confidential."

12. The inadvertent production or disclosure of any privileged or otherwise protected information by any Party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work product materials. Any Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies, within ten (10) days of receiving such a written request. The Party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

13. This Order is subject to revocation and modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice. Nothing in the Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. The obligations imposed by the Order shall survive the termination of this action.

15. Any documents or other materials designated as "Confidential" and filed with the Court under seal will be returned to the parties from the office of the Clerk of Court sixty (60) days following the conclusion of this litigation.

Dated:   September 25, 2020

**SO STIPULATED**:

| MATHIS, MARIFIAN & RICHTER, LTD. | LEWIS RICE, LLC |
|---|---|
| s/ Mark S. Schuver | /s/ Philip J. Mackey |
| Mark S. Schuver, #34713MO | Philip J. Mackey, #48630MO |
| Natalie T. Lorenz, #65566MO | Michael L. Jente, #62980MO |
| 23 Public Square, Suite 300 | 600 Washington Ave., Suite 2500 |
| Belleville, Illinois 62220 | St. Louis, MO 63101-1311 |
| Telephone: (618) 234-9800 | Telephone: (314) 444-1343 |
| Facsimile: (618) 234-9786 | Facsimile: (314) 612-1343 |
| E-mail: mschuver@mmrltd.com | E-mail:  pmackey@lewisrice.com |
| nlorenz@mmrltd.com | mjente@lewisrice.com |
| *Attorneys for Plaintiff Mark Horton* | *Attorneys for Defendant Midwest Geriatric Management, LLC* |

**IT IS SO ORDERED**

 /s/ Jean C. Hamilton                                           September 29, 2020
The Honorable Jean C. Hamilton                         Date
U.S. District Court Judge

# EXHIBIT A

### *ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND*

I, _____ [print or type full name], of _____ [print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was entered by the United States District Court for the Eastern District of Missouri in the case entitled *Mark Horton v. Midwest Geriatric Management, LLC*, Case No. 4:17-CV-2324, and I understand that I am authorized to receive Confidential Information subject to that Stipulated Protective Order. I agree to comply with and be bound by the obligations and conditions of that Stipulated Protective Order. I agree to submit to the jurisdiction of the United States District Court for the Eastern District of Missouri for all disputes arising out of or relating to the Stipulated Protective Order and/or the disclosure or receipt of Confidential Information under that Stipulated Protective Order.

Executed this \_\_\_\_day of _____, 20\_\_, in the State of _____.

**Signature**:_____

Printed Name:_____