**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| MARK HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14:17-CV-2324-JCH |
| v. | ) | |
| | ) | |
| MIDWEST GERIATRIC MANAGEMENT, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff, Mark Horton, by and through his attorneys, Mathis, Marifian & Richter, Ltd., and for his Motion for Leave to File Second Amended Complaint, states as follows:

1.      Plaintiff filed his original Complaint alleging that his offer of employment with Defendant, Midwest Geriatric Management, LLC ("MGM"), was withdrawn due to his sex/ sexual orientation and religion in violation of Title VII of the Civil Rights Act of 1964, as well as fraudulent inducement.  [Doc. 1].

2.      On December 21, 2017, this Court entered its Memorandum and Order granting Defendant MGM's Motion to Dismiss all three Counts of Plaintiff's Complaint.  [Doc. 20]. Plaintiff filed a timely Notice of Appeal.  [Doc. 23].

3.      While this case was pending on appeal before the United States Court of Appeals for the Eighth Circuit, the United States Supreme Court entered its decision in *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 2020 WL 3146686 (2020), holding that "An employer who fires an individual merely for being gay or transgender defies the law."  140 S. Ct. at 1754.

4.    In light of the Supreme Court's decision in *Bostock*, on July 6, 2020, the Eighth Circuit entered a Per Curiam Order reversing the judgment of the district court and remanding this case for further proceedings.

5.    Plaintiff previously amended his Complaint on or about August 27, 2020, to allege a single cause of action for sex discrimination consistent with the Supreme Court's decision in *Bostock*. [Doc. 40].

6.    On or about July 23, 2021, the parties jointly moved to modify the Court's First Amended Case Management Order [Doc. 54], resulting in the order currently applicable to this case: the Second Amended Case Management Order. [Doc. 56].

7.    The Second Amended Case Management Order provides that motions for the joinder of additional parties or amendment of pleadings shall be filed no later than September 2, 2020, and that discovery shall be completed by December 28, 2021. [Doc. 56].

8.    Following the entry of the Second Amended Case Management Order, the parties continued to exchange discovery and began taking depositions.

9.    Plaintiff's deposition was taken on October 14, 2021. The depositions of two key witnesses on behalf of the Defendant, Faye Bienstock and Judah Bienstock, were taken on October 27, 2021, and November 9, 2021, respectively.

10.   During the depositions of Faye Bienstock and Judah Bienstock, additional information was discovered warranting the amendment of Plaintiff's Complaint to add additional parties and causes of action.

11.   The information discovered during the depositions of Faye Bienstock and Judah Bienstock gives rise to multiple additional claims, both against the Defendant MGM and against two third-parties (Jobplex, Inc. and HireRight, LLC) retained by Defendant MGM to perform

certain tasks on behalf of MGM regarding the hiring and onboarding process, and who directly participated in the events leading up to and including MGM's decision to withdraw the written job offer which Plaintiff had accepted.

12.     During their depositions, the Bienstocks testified that they relied on certain information and communications from Jobplex, Inc., and HireRight, LLC, in deciding to withdraw Plaintiff's offer of employment, including false and/or misleading information concerning Plaintiff and the verification of his educational background and other allegations as more fully set forth and alleged in Plaintiff's accompanying Second Amended Complaint.

13.     The Bienstocks testified that they relied on this information in deciding to withdraw the offer of employment that Plaintiff had accepted.

14.     This information was exclusively in the possession of Defendant MGM, Jobplex and HireRight, and was not discovered by Plaintiff until the depositions of the Bienstocks were recently completed.

15.     Based on the recent deposition testimony from the Bienstocks, Plaintiff hereby seeks leave to file a Second Amended Complaint alleging additional causes of action against Defendant MGM , as well as causes of action against Jobplex and HireRight.

16.     Jobplex is a Delaware corporation with its principal place of business in Chicago, Illinois, and HireRight is a Delaware corporation with its principal place of business in Nashville, Tennessee.

17.     Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading before trial with leave of court.

18.     Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires."

19.     In turn, Rule 16(b) guides the modification of pretrial scheduling orders, which may be modified for good cause and with the judge's consent.

20.     If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

21.     Good cause is measured by the movant's diligence in attempting to meet the scheduling order's requirements. *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).

22.     Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading. *Id*.

23.     In this case, Plaintiff's counsel did not learn of Judah and Faye Bienstock's alleged reliance upon representations made by Jobplex and HireRight until the Bienstocks' depositions were completed.

24.     The information concerning the Bienstocks' reliance upon such information was exclusively in their possession and was not disclosed to Plaintiff prior to their depositions.

25.     The Bienstocks' depositions were completed well before the deadline of December 28, 2021, set forth in the operative scheduling order, and Plaintiff hereby seeks leave to amend within 10 days of the completion of the depositions giving rise to these newly discovered facts.

26.     As such, Plaintiff has been diligent in attempting to meet the scheduling order's requirements, but the amendment of Plaintiff's complaint outside of the operative scheduling order's deadline is necessary despite Plaintiff's diligence.

27.     Simultaneously submitted for the Court's review is Plaintiff's proposed Second Amended Complaint (attached hereto as "Exhibit A") and a proposed order granting Plaintiff leave to file the same.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court GRANT Plaintiff's Motion for Leave to File Second Amended Complaint, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

MATHIS, MARIFIAN & RICHTER, LTD.

By     /s/Mark S. Schuver
        Mark S. Schuver, #34713
        Natalie T. Lorenz, #65566
        23 Public Square, Suite 300
        P.O. Box 307
        Belleville, IL 62220
        (618) 234-9800 Phone
        (618) 234-9786 Fax
        mschuver@mmrltd.com
        nlorenz@mmrltd.com

*Attorneys for Plaintiff Mark Horton*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 19, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Missouri by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

        /s/Mark S. Schuver